IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON HERBERT KELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-382-GMS |
| ) | |
| U.S. DEPARTMENT OF JUSTICE and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

I.  **BACKGROUND**

Petitioner Aaron Herbert Kelly submitted a false individual income tax return for the tax year 2006. *See* Plea Agreement at ¶ 6(a), *United States v. Kelly*, Cr. Act. No. 14-97-PWG (D. Md. July 1, 2014), ECF No. 26. On July 1, 2014, Kelly pled guilty in the United States District Court for the District of Maryland to willfully aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). *See* Plea Agreement at ¶ 1, *United States v. Kelly*, Cr. Act. No. 14-97-PWG (D. Md. 2014), ECF No. 26. He was sentenced to three years of probation. *See* Judgment, *United States v. Kelly*, Cr. Act. No. 14-97-PWG (D. Md. Feb. 3, 2015), ECF No. 38.

Pending before the court is Kelly's petition for writ of habeas corpus ("petition") and a petition for a writ of mandamus asking the Special Consular's Office to order the court to grant his habeas petition. (D.I. 1; D.I. 3 at 2) Kelly contends his conviction is unlawful, and he asks the court to order the expungement of his record and remove the "governmental restraint" on his liberty. (D.I. 1 at 32)

**II.     STANDARD OF REVIEW**

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

**III.    DISCUSSION**

After reviewing the face of the petition, the court concludes that summary dismissal is appropriate in this case. Kelly is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Therefore, the court does not have jurisdiction over the instant proceeding.

The court also does not have jurisdiction to consider Kelly's petition for a writ of mandamus. First, to the extent Kelly's petition for a writ of mandamus should be construed as directed toward this court, the court's lack of jurisdiction over Kelly's habeas proceeding renders his mandamus request moot which, in turn, deprives the court of jurisdiction over the mandamus request. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question" and a federal district court does not have jurisdiction to review moot habeas claims). Second, to the extent Kelly's mandamus request should be construed as directed toward the Special Consular's Office, Kelly has improperly filed the petition for mandamus relief in this court which, once again, deprives the court of jurisdiction over the mandamus request.

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss Kelly's habeas petition and his petition for a writ of mandamus for lack of jurisdiction. The court also declines to issue a certificate of appealability because Kelly has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Jan 22, 2016
DATE

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT